IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RANDALL PELOUS**                                                                                         **PLAINTIFF**

**VERSUS**                                                                               **CASE NO.:** 1:24cv84LG-BWR

**ACADEMY LTD., D/B/A ACADEMY SPORTS,
GOOD SPORTSMAN MARKETING, LLC D/B/A
GSM OUTDOORS AND WILDGAME INNOVATIONS
AND JOHN DOES A THROUGH E**                                                         **DEFENDANTS**

## NOTICE OF REMOVAL OF CIVIL ACTION
## FROM STATE COURT TO FEDERAL COURT

To:   Justin Wetzel
      Clerk of Circuit Court
      730 Dr. Martin Luther King, Jr., Blvd.
      Biloxi, MS 39530

      Mark v. Watts (MS Bar 102204)
      HORNSBY WATTS, PLLC
      1025 Howard Avenue
      Biloxi, Mississippi 39530
      228.207.2990
      mvw@hornsbywatts.com

   PLEASE TAKE NOTICE that Defendant, Academy Ltd. d/b/a Academy Sports & Outdoors, files its Notice of Removal of this civil action from the Circuit Court of Harrison County, Mississippi, Second Judicial District, where it is now pending, to the United States District Court for the Southern District of Mississippi, Southern Division. In support of this removal, this Defendant states the following:

   1.   On February 7, 2024, Plaintiff, Randall Pelous, filed a Complaint against the Defendants listing them as follows: Academy Ltd. D/B/A Academy Sports & Outdoors, Good

Sportsman Marketing, LLC D/B/A GSM Outdoors and Wildgame Innovations, and John Does A Through E.

2. The Complaint was filed in the Circuit Court of Harrison County, Mississippi, Second Judicial District [Biloxi] (Doc. 5). Plaintiff's Original Complaint bears Civil Action No. 24CI2:23-cv-00209. Plaintiff's Complaint generally asserts strict liability, negligence and breach of implied warranty of merchantability claims against the Defendants.

3. The facts of the Complaint assert that Plaintiff purchased a Wildgame Innovations XB 380 Compound Hunting Crossbow ["Wildgame"] from Academy Sports & Outdoors ["Academy"] in D'Iberville, Mississippi. Wildgame manufactures and sells certain crossbows at various stores throughout the counrty, one of which is through Academy. Wildgame Innovations is a brand under the GSM Outdoors umbrella, wherein GSM Outdoors is owned by Good Sportsman Marketing, LLC. Both Academy and Wildgame are in the business of selling hunting products such as the subject crossbow.

4. After purchasing the subject crossbow, Plaintiff went hunting in Noxubee County, Mississippi. While hunting, Plaintiff alleges and complains that he fired the crossbow and was injured when the crossbow malfunctioned when two pieces of metal from each side of the spindle-shaped parts of the riser attachment section of the crossbow, broke off and went flying at a high speed toward the Plaintiff. Further, per the Complaint, the Plaintiff alleges that one of the pieces of metal lodged into the Plaintiff's arm resulting in serious injury and damage. Plaintiff was required to have surgery to remove said piece of metal.

5. This Court has jurisdiction over the instant case pursuant to 28 U.S.C. § 1332.

6. The Defendant, Academy Ltd., is a corporation organized and existing under laws of Delaware with its corporate offices and principal place of business located in Texas.

7. In the Complaint, Plaintiff seeks unspecified compensatory and punitive damages of every kind and nature together with attorney fees, prejudgment interest and post judgment interest, arising from the alleged incident.

8. "It is well settled that if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy." *Ross v. First Family Fin. Servs., Inc.,* 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002). Moreover, Federal Courts sitting in Mississippi have routinely held that unspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332.

9. The request for unspecified compensatory and punitive damages makes it facially apparent that Plaintiff's Complaint seeks relief above the jurisdictional threshold of $75,000.00.

10. This Notice of Removal is being filed within thirty (30) days of receipt of summons and the Complaint by Defendant Academy on February 19, 2024.

11. Defendant Academy would further show that given the nature of the removal, no other party is necessary for purposes of joinder. However, out of an abundance of caution, this Defendant has secured the signature and joinder of Defendants GSM and Wildgame Innovations who join in the factual assertions and conclusions justifying this removal petition.

12. Attached hereto as Exhibit "A" is a copy of the Harrison County docket sheet along with all pleadings, processes and orders.

13. A duplicate copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Harrison County, Second Judicial District, as well as a copy served/delivered on counsel for the Plaintiff.

14. To the extent that any factual assertions or conclusions contained herein require discovery, Academy requests leave of this Court be granted to conduct limited discovery only on any essential or necessary issue that serves as the basis for this Removal, in lieu of Remand. *Allen v. R.H. Oil Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995).

Respectfully submitted this the 19th day of March, 2024.

**ACADEMY LTD., D/B/A ACADEMY SPORTS**

BY:   COPELAND, COOK, TAYLOR & BUSH, P.A.

BY:   /S/ WILLIAM E. WHITFIELD, III
          Mississippi Bar No. 7161

COPELAND, COOK, TAYLOR & BUSH, P.A.
Centennial Plaza
200 East Beach Boulevard, Building #5
Gulfport, Mississippi 39507
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526
bwhitfield@wewiii.net

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT**

# **C E R T I F I C A T E**

I hereby certify that on March 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the MECF system which sent notification of such filing to the following:

    Mark V. Watts, Esq.
    mvw@hornsbywatts.com

        /S/ WILLIAM E. WHITFIELD, III


William E. Whitfield, III
COPELAND, COOK, TAYLOR & BUSH, P.A.
Centennial Plaza
200 East Beach Boulevard, Building #5
Gulfport, Mississippi 39507
P.O. Box 10
Gulfport, Mississippi  39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526
bwhitfiled@wewiii.net